CIVIL ACTION NO. _10-CI-00006_

GREEN CIRCUIT COURT

DIVISION II

JUDGE Bertram

LARRY BLOYD                                                    PLAINTIFF
1612 Summersville Road
Greensburg, Kentucky 42743


v.                                    COMPLAINT


UPSTREAM II, LLC                                              DEFENDANT
1515 Market Street
16th Floor
Philadelphia, Pennsylvania 19102

        SERVE:    REGISTERED AGENT
                  C T CORPORATION SYSTEM
                  4169 Westport Road
                  Louisville, Kentucky 40207

-and-

INTELENET GLOBAL PHILIPPINES, INC.                           DEFENDANT
7F One World Square, McKinley Hill
Fort Bonifacio
Taguig, Philippines, . 1634

        SERVE:    REGISTERED AGENT
                  CORPORATION CREATIONS NETWORK, INC.
                  101 North Seventh Street
                  Louisville, Kentucky 40202

                    I.      INTRODUCTION

        Comes the Plaintiff, Larry Bloyd (hereinafter "Bloyd" or "Plaintiff"), and for his

Complaint against the Defendants, Intelenet Global Philippines, Inc. (hereinafter "Intelenet" or

"Defendant") and Upstream II, LLC (hereinafter "Upstream" (collectively "Defendants"), states

as follows:

FILED

JAN 20 2010

JOHN FRANK, CLERK
BY

## II.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff Bloyd is a Kentucky resident.

2. Defendant Intelenet is a foreign corporation doing business in Kentucky.

3. Defendant Upstream is a foreign limited liability company doing business in Kentucky.

4. Venue is proper in this Court.

## III.   FACTS

5. Bloyd is a former employee of Defendants.

6. Bloyd began working for Defendants in November of 2008 in the "chat sales line."

7. During his employment, Bloyd had laryngeal cancer with complications related to his vocal chords and was a qualified individual with a disability.

8. Because he spoke with a vocal prosthesis, Bloyd requested an accommodation for his disability.

9. Defendants initially informed Bloyd that they would accommodate his disability, but then informed Bloyd that they would not accommodate his disability.

10. Bloyd's disability was a motivating factor in his discharge.

## IV.   CLAIMS AND CAUSES OF ACTION

## KRS 344 FAILURE TO ACCOMMODATE

11. Bloyd re-alleges all allegations contained in Paragraphs 1 through 10 above as if fully set forth herein.

12. Defendants failed to reasonably accommodate Bloyd's actual and perceived disability in violation of the Kentucky Civil Rights Act ("KRS 344 *et. seq.*").

2

## KRS 344 DISCHARGE DUE TO DISABILITY

13.     Bloyd re-alleges all allegations contained in Paragraphs 1 through 12 above as if fully set forth herein.

14.     Defendants discharged Bloyd because of his disability and perceived disability in violation of KRS 344.

### V.     PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Bloyd respectfully prays that he be awarded the following relief and all other relief to which he may be entitled:

A.      Trial by jury;

B.      Judgment against the Defendants, jointly and severally, on all claims asserted herein;

C.      Compensatory damages including but not limited to past and future lost wages and past and future lost benefits;

D.      Compensatory damages including but not limited to emotional distress, mental anguish, humiliation and embarrassment;

E.      An award of statutory attorney fees, costs and expenses; and

F.      Statutory interest on all damage awards, verdicts or judgments.

Respectfully submitted,

Bryan M. Cassis
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, Kentucky 40202
(502) 736-8100 (phone)
(502) 736-8106 (fax)

*Attorney for the Plaintiff Larry Bloyd*

3

## INTELENET GLOBAL PHILIPPINES INC.

### General Information

| | |
|---|---|
| Organization Number | 0730286 |
| Name | INTELENET GLOBAL PHILIPPINES INC. |
| Profit or Non-Profit | P – Profit |
| Company Type | FCO – Foreign Corporation |
| Status | A – Active |
| Standing | G – Good |
| Country | PHILIPPINES |
| File Date | 5/20/2009 |
| Authority Date | 5/20/2009 |
| Last Annual Report | 10/19/2010 |
| Principal Office | 7F ONE WORLD SQUARE, MCKINLEY HILL FORT BONIFACIO TAGUIG, PHILIPPINES, . 1634 |
| Registered Agent | CORPORATE CREATIONS NETWORK INC. 101 NORTH SEVENTH STREET LOUISVILLE, KY 40202 |

### Current Officers

| | |
|---|---|
| President | RAMACHANDRA PANICKNAR |
| Secretary | MANUEL GONZALEZ |
| Treasurer | GERTRUDE GERYLL RIPARIP |
| Director | SUSIR KUMAR |
| Director | RAMACHANDRA PANICKNAR |
| Director | MANUEL GONZALEZ |
| Director | MAR O VERGARA |
| Director | ELMER B SERANO |

### Initial Officers at time of formation

### Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Annual Report | 10/19/2010 | 1 page | tiff | PDF |
| Application for Certificate of Authority(Corp) | 5/20/2009 | 3 pages | tiff | PDF |

### Assumed Names

### Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Annual Report | 10/19/2010 1:27:30 PM | 10/19/2010 | |

https://app.sos.ky.gov/ftshow//(S(qpmqub452lnzyt55od5aapee))/default.aspx?path=ftsearc...   10/28/2010

## UPSTREAM II, LLC

### General Information

| | |
|---|---|
| Organization Number | 0683389 |
| Name | UPSTREAM II, LLC |
| Profit or Non-Profit | P - Profit |
| Company Type | FLC - Foreign Limited Liability Company |
| Status | A - Active |
| Standing | G - Good |
| State | PA |
| File Date | 1/17/2008 |
| Authority Date | 1/17/2008 |
| Last Annual Report | 10/26/2010 |
| Principal Office | 1515 MARKET STREET<br>16TH FLOOR<br>PHILADELPHIA, PA 19102 |
| Registered Agent | C T CORPORATION SYSTEM<br>306 W MAIN ST<br>SUITE 512<br>FRANKFORT, KY 40601 |

### Current Officers

| | |
|---|---|
| Manager | Suresh Rameni |
| Manager | Chirag Patel |

### Initial Officers at time of formation

### Images available online

Documents filed with the Office of the Secretary of State on September 15, 2004 or thereafter are available as scanned images or PDF documents. Documents filed prior to September 15, 2004 will become available as the images are created.

| | | | | |
|---|---|---|---|---|
| Annual Report | 10/26/2010 | 1 page | tiff | PDF |
| Registered Agent name/address change | 4/20/2010 6:48:28 AM | 1 page | PDF | |
| Annual Report | 9/11/2009 | 1 page | PDF | |
| Registered Agent name/address change | 9/16/2008 6:00:00 PM | 1 page | PDF | |
| Certificate of Authority (LLC) | 1/17/2008 | 3 pages | tiff | PDF |

### Assumed Names

| | |
|---|---|
| | Real Name of foreign org. which filed under a fictitious name |
| UPSTREAM LLC | |

Welcome to Fasttrack Organization Search

## Activity History

| Filing | File Date | Effective Date | Org. Referenced |
|---|---|---|---|
| Annual Report | 10/26/2010 9:49:46 AM | 10/26/2010 | |
| Registered agent address change | 4/20/2010 6:48:34 AM | 4/20/2010 6:48:34 AM | |
| Annual Report | 9/11/2009 2:49:58 PM | 9/11/2009 2:49:58 PM | |
| Registered agent address change | 9/16/2008 7:02:50 PM | 9/16/2008 7:02:50 PM | |
| Name Cross Reference | 1/17/2008 3:12:53 PM | 1/17/2008 | UPSTREAM LLC |
| Add | 1/17/2008 3:08:32 PM | 1/17/2008 | |

## Microfilmed Images

CIVIL ACTION NO. 10-CI-00006

GREEN CIRCUIT COURT

DIVISION II

HON. JUDGE BERTRAM

PLAINTIFF

LARRY BLOYD

v.                    NOTICE-MOTION-ORDER

UPSTREAM II, LLC and
INTELENET GLOBAL PHILLIPINES, INC.                    DEFENDANTS

     **PLEASE TAKE NOTICE** that Plaintiff, by counsel, hereby moves for a default judgment against both of the above-named Defendants. In the event the Court determines that a hearing is necessary on this motion for default, this motion is noticed 'at the convenience of the Court.' Plaintiff tenders herewith a proposed Default Judgment and Order setting a hearing date on damages.

<u>**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
AND TO SET HEARING ON DAMAGES**</u>

     Comes the Plaintiff, Larry Bloyd, and moves the Court for entry of a Default Judgment against Defendants Upstream II, LLC ("Upstream") and Intelenet Global Philippines, Inc. ("Intelenet").

     In support of this motion, Plaintiff states that (1) the Complaint and Civil Summons were filed on January 20, 2010, (2) the Civil Summons were served by Certified Mail on January 9, 2010, as evidenced by the return-receipt, (3) to date, no Answer or responsive or other pleading has been filed or served on counsel for Plaintiff, and (4) both Upstream and Intelenet are active companies in good standing with the Kentucky Secretary State and both recently filed their annual reports.

In compliance with Kentucky Civil Rule 55.01, Plaintiff further submits herewith the required Default Judgment Certificate, supporting documentation and proposed Judgment. Plaintiff also moves the Court to set a hearing on damages.

Although not required to do so, Plaintiff also gives notice to Defendants of this motion, as indicated by the Certificate of Service below.

Respectfully submitted,

Bryan M. Cassis
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202
(502) 736-8100 (phone)
(502) 736-8106 (fax)

*Attorney for Plaintiff Larry Bloyd*

## CERTIFICATE OF SERVICE

It is hereby certified that a true and correct copy of the foregoing MOTION FOR DEFAULT JUDGMENT AND TO SET HEARING ON DAMAGES was this 28th day of October, 2010, served by United States mail upon the following:

Upstream II, LLC
c/o CT Corporation System
4169 Westport Road
Louisville, Kentucky 40207

Upstream II, LLC
1515 Market Street, 16th Fl.
Philadelphia, PA 19102

Intelenet Global Philippines, Inc.
c/o Corporation Creations Network, Inc.
101 North 7th Street
Louisville, Kentucky 40202

*Attorney for Plaintiff Larry Bloyd*

CIVIL ACTION NO. 10-CI-00006

GREEN CIRCUIT COURT

DIVISION II

HON. JUDGE BERTRAM

PLAINTIFF

LARRY BLOYD

v.

UPSTREAM II, LLC and
INTELENET GLOBAL PHILLIPINES, INC.                    DEFENDANTS

## DEFAULT JUDGMENT CERTIFICATE

Pursuant to Kentucky Civil Rule, 55.01, the Plaintiff, by counsel, certifies that:

1.      The Plaintiff's Complaint was filed in Green Circuit Court on January 20, 2010.

2.      The Complaint and Civil Summons were served on both Defendants on January 29, 2010, as evidenced by the attached civil summons.

3.      To date, no Answer has been filed and no papers or responsive pleadings have been served on Plaintiff's counsel by either Defendant.

4.      Upstream II, LLC is an active registered foreign limited liability company in good standing with the Commonwealth of Kentucky.  Upstream II, LLC filed its annual report with the Kentucky Secretary of State on October 26, 2010.

5.      Intelenet Global Philippines, Inc. is an active registered foreign limited liability company in good standing with the Commonwealth of Kentucky. Intelenet Global Philippines, Inc. filed its annual report with the Kentucky Secretary of State on October 19, 2010.

6. The balance due is as follows:

A. The amount of the original obligation is to be determined.

B. The amount paid by Defendant to be deducted from the original obligation is $0.

C. If the obligation contains precomputed interest, and other precomputed charged, the amount to be deducted pursuant to the statute is $0.

D. The balance due from Defendant is to be determined.

E. If the balance due on line D above is different from the amount sought in the Default Judgment, the reason is N/A.

7. Defendants are not in the military and no Military Affidavit is required under 50 U.S.C. App. 521.

Respectfully submitted,

Bryan M. Cassis
1800 Kentucky Home Life Building
239 South Fifth Street
Louisville, Kentucky 40202
(502) 736-8100 (phone)
(502) 736-8106 (fax)

*Attorney for Plaintiff Larry Bloyd*

CIVIL ACTION NO. 10-CI-00006

GREEN CIRCUIT COURT

DIVISION II

HON. JUDGE BERTRAM

PLAINTIFF

**LARRY BLOYD**

v.

**UPSTREAM II, LLC and
INTELENET GLOBAL PHILLIPINES, INC.**

DEFENDANTS

<u>**DEFAULT JUDGMENT**</u>

Plaintiff Larry Bloyd having moved for Default Judgment against the Defendants, Upstream II, LLC and Intelenet Global Philippines, Inc., and Defendants having had an opportunity to respond thereto, the Court having considered the matter and being otherwise sufficiently advised,

**IT IS SO ORDERED that:**

1.      The Motion for Default Judgment against Defendants is hereby GRANTED;

**IT IS FURTHER ORDERED AND ADJUDGED that:**

2.      A hearing on the recoverable damages will be held on the _____ day of _____, 2010, at ___:___ a.m./p.m. in the above courtroom; and

3.      This is a final and appealable Order. There is no just cause for delay.

This the ____ day of _____, 2010.

_____

JUDGE, GREEN CIRCUIT COURT

DIV-II

| | | | Case No. | 10-CI-00006 |
|---|---|---|---|---|
| **AOC-105** | **Doc. Code: CI** | | Court | ☑ Circuit ☐ District |
| Rev. 1-07 | 01/18/2010 03:43 pm | | | |
| Page 1 of 1 | Ver. 1.02 | | County | Green |
| Commonwealth of Kentucky | | | | |
| Court of Justice   www.courts.ky.gov | | | | |
| CR 4.02; CR Official Form 1 | | **CIVIL SUMMONS** | | |

**PLAINTIFF**

LARRY BLOYD

1612 Summersville Road

Greensburg, KY 42743

*served:*
*Jan 29, 2010*

VS.                                                                                                           **DEFENDANT**

INTELENET GLOBAL PHILIPPINES, INC.

7F One World Square, McKinley Hill

Fort Bonifacio

Taguig, Philippines                                    1634

Service of Process Agent for Defendant:
CORPORATION CREATIONS NETWORK, INC.

101 North Seventh Street

Louisville, Kentucky 40202

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf** within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: ____1-20____, 2 010                    ____John Frank____ Clerk

By: ____AH____ D.C.

| **Proof of Service** |
|---|
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to: |
| _____ |
| this _____ day of _____, 2_____. |
| Served by: _____ |
| _____Title |

*File-stamp?*
*DIV. I*

| Doc. Code: CI<br>01/18/2010 03:43 pm<br>Ver. 1.02<br>~~Com~~monwealth of Kentucky<br>~~Cou~~rt of Justice   www.courts.ky.gov<br>CR 4.02; CR Official Form 1 | (seal)<br>CIVIL SUMMONS | Case No. 10-CI-00006<br>Court  ☑ Circuit ☐ District<br>County   Green |

**PLAINTIFF**

LARRY BLOYD

1612 Summersville Road

Greensburg, KY 42743

VS.

*served:*
*Jan 29, 2010*

UPSTREAM II, LLC                                                                   **DEFENDANT**

1515 Market Street

16th Floor

Philadelphia            Pennsylvania         19102

Service of Process Agent for Defendant:

C T CORPORATION SYSTEM

4169 Westport Road

Louisville, Kentucky 40207

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons.  **Unless a written defense is made by you or by an attorney on your behalf within 20 days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: _1-20_____, 2 010            _John Frank_____ Clerk
                                By: _HH_____ D.C.

| **Proof of Service** |
| This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:<br>_____<br>this _____ day of _____, 2_____.<br>Served by: _____<br>_____ Title |

CIVIL ACTION NO. 10-CI-00006

GREEN CIRCUIT COURT

DIVISION II

HON. JUDGE BERTRAM

**LARRY BLOYD**

PLAINTIFF

v.

**UPSTREAM II, LLC and**
**INTELENET GLOBAL PHILLIPINES, INC.**

DEFENDANTS

## DEFAULT JUDGMENT

Plaintiff Larry Bloyd having moved for Default Judgment against the Defendants, Upstream II, LLC and Intelenet Global Philippines, Inc., and Defendants having had an opportunity to respond thereto, the Court having considered the matter and being otherwise sufficiently advised,

**IT IS SO ORDERED that:**

1.      The Motion for Default Judgment against Defendants is hereby GRANTED;

**IT IS FURTHER ORDERED AND ADJUDGED that:**

2.      A hearing on the recoverable damages will be held on the 5 day of January 2010, at 3:45 a.m./p.m. in the above courtroom; and 302

3.      This is a final and appealable Order. There is no just cause for delay.

This the 1 day of Nov, 2010.

ENTERED
NOV 5 2010
JOHN FRANK, CLERK
BY_____D.C.

_____
JUDGE, GREEN CIRCUIT COURT

TD - 10/29/10 kr

CIVIL ACTION NO. 10-CI-00006

GREEN CIRCUIT COURT
DIVISION II
HON. JUDGE BERTRAM

LARRY BLOYD                                                                           PLAINTIFF

v.                                    **NOTICE-MOTION-ORDER**

UPSTREAM II, LLC and
INTELENET GLOBAL PHILIPPINES, INC.                              DEFENDANTS

**** ***** ****

## NOTICE

PLEASE TAKE NOTICE that on Wednesday, December 8, 2010, at 11:45 a.m. CST in the courtroom of the above Court or as soon thereafter as counsel may be heard, Defendants, Upstream II, LLC and Intelenet Global Philippines, Inc. (collectively, "Defendants"), by counsel, will make the following Motion and tender the Order attached hereto.

## MOTION TO SET ASIDE DEFAULT JUDGMENT

Defendants, by counsel and pursuant to CR 55.02, respectfully move this Court to set aside the Default Judgment entered by the Court on November 5, 2010. As set forth more fully in the supporting Memorandum filed simultaneously herewith, Plaintiff failed to properly serve the Complaint and Summons upon Defendants or their respective registered agents. As a result, the Court lacked personal jurisdiction over Defendants. The law and equitable considerations both dictate that the Default Judgment should be set aside.

Respectfully submitted,

Philip C. Eschels
Benjamin J. Lewis
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Phone: (502) 587-3665
Fax: (502) 540-2219

COUNSEL FOR DEFENDANTS,
UPSTREAM II, LLC and INTELENET
GLOBAL PHILIPPINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on November 18th, 2010, upon the following:

Bryan Cassis
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, KY 40202

COUNSEL FOR PLAINTIFF

COUNSEL FOR DEFENDANTS

2

CIVIL ACTION NO. 10-CI-00006

GREEN CIRCUIT COURT
DIVISION II
HON. JUDGE BERTRAM

LARRY BLOYD

PLAINTIFF

v.

**ORDER**

UPSTREAM II, LLC and
INTELENET GLOBAL PHILIPPINES, INC.

DEFENDANTS

On the motion of Defendants, Upstream II, LLC and Intelenet Global Philippines, Inc., to set aside the Default Judgment entered by this Court on November 5, 2010 and, the Court having considered the Motion, any response thereto, argument of counsel and being otherwise sufficiently advised;

**IT IS HEREBY ORDERED** that the Default Judgment entered by this Court on November 5, 2010, against Defendants, Upstream II, LLC and Intelenet Global Philippines, Inc. should be, and hereby is, set aside and held for naught; and

**IT IS FURTHER ORDERED** that the undersigned counsel for Defendants Upstream II, LLC and Intelenet Global Philippines, Inc., shall be deemed to have accepted service of the Complaint on behalf of Defendants as of the entry of this Order and will have up to and including twenty (20) days following the entry of this Order in which to serve their Answer or otherwise respond to Plaintiff's Complaint.

The hearing on recoverable damages previously scheduled for January 5, 2011 is hereby remanded from the docket.

Done this _____ day of _____, 2010.

_____
HONORABLE ALLAN RAY BERTRAM
JUDGE, GREEN CIRCUIT COURT

Tendered by:

_____
Philip C. Eschels
Benjamin J. Lewis
GREENEBAUM DOLL & MCDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Phone:  (502) 587-3665
Fax:  (502) 540-2219

COUNSEL FOR DEFENDANTS,
UPSTREAM II, LLC and INTELENET
GLOBAL PHILIPPINES, INC.

4153521_1.doc

2

CIVIL ACTION NO. 10-CI-00006 GREEN CIRCUIT COURT
DIVISION II
HON. JUDGE BERTRAM

LARRY BLOYD PLAINTIFF

v. **MEMORANDUM IN SUPPORT OF**
**MOTION TO SET ASIDE DEFAULT JUDGMENT**

UPSTREAM II, LLC and
INTELENET GLOBAL PHILIPPINES, INC. DEFENDANTS

**\*\*\*\*    \*\*\*\*\*   \*\*\*\***

Defendants, Upstream II, LLC ("Upstream") and Intelenet Global Philippines, Inc. ("Intelenet") (collectively, "Defendants"), by counsel, submit this Memorandum of Law in Support of their Motion to Set Aside Default Judgment. As explained further below, Plaintiff's counsel did not serve Defendants' agents for service of process and filed the Motion for Default Judgment without confirming that both Defendants had, in fact, been properly served. For all the reasons explained further below, the default judgment should be set aside.[1]

I. **INTRODUCTION**

Defendants request that the Default Judgment entered by the Court on November 5, 2010 be set aside in accordance with Civil Rule 55.02 due to Plaintiff's failure to serve the summons and complaint upon the registered agents. Absent proper service, this Court lacked personal jurisdiction over Defendants when the default judgment was entered. Plaintiff's counsel filed the Motion for Default Judgment without receiving any physical evidence confirming that both Defendants had been properly served. In fact, Defendants were never served at all and there is no evidence in the Record that the Summons and Complaint were ever mailed to their respective

---

[1] Although Defendants' counsel has sent documentation and explained to Plaintiff's counsel how and why the correct corporate entities were not served properly, Plaintiff's counsel has refused to agree to set aside the default judgment, thereby making this motion necessary.

registered agents. Defendants have a meritorious defense to the claims set forth in the Complaint and, given the opportunity to respond following proper service of the Complaint, intend to vigorously contest these claims. For all these reasons, the default judgment should be set aside.

## II.   **PROCEDURAL HISTORY**

The Complaint was filed by Larry Bloyd against Defendants on January 20, 2010. The Record contains a Certified Mail receipt reflecting that service was properly addressed to be mailed to Upstream's agent in Louisville, Kentucky. (See Exhibit A, attached hereto). The USPS receipt showing delivery, however, states that the Certified Letter was delivered on January 29, 2010 to an unidentified address in Greensburg, Kentucky 42743. (See Exhibit B, attached hereto).[2]  It is uncontroverted in the Record, therefore, that neither of Defendants' agents for service of process was served with a copy of the Summons and Complaint.

According to Plaintiff's counsel, he called the clerk's office and was informed that service had been received on January 29, 2010. Without confirming this by requesting a copy of the proof of service (which would have revealed the fact that neither Defendant had been served), Plaintiff's counsel filed the Motion for Default Judgment and hand-wrote on the summons that each Defendant had been served on January 29, 2010. As reflected by attached affidavits from both agents for service of process for Defendants, however, neither received service of the Summons and Complaint. (See Exhibits C and D, attached hereto). A copy of the Complaint was finally received by Corporate Creations Network, Inc. on November 1, 2010, when the Motion for Default Judgment was served on Intelenet's agent for service of process. This is what finally alerted Defendants to the fact that a Complaint has been filed the previous January).

---

[2] According to the Complaint, the Plaintiff lives in Greensburg. Maybe the Certified letter was mistakenly mailed to his address.

### III.   **ARGUMENT**

#### A.   **Kentucky Looks Upon Default Judgments With Disfavor and Liberally Grants Motions to Set Such Judgments Aside**

Kentucky CR 55.02 provides for relief from an entry of default judgment "for good cause shown . . . in accordance with Rule 60.02." Kentucky courts have concluded that CR 55.02 and CR 60.02 express a policy of liberality toward motions for relief from default judgments. In *Educator & Executive Insurers, Inc. v. Moore*, Ky., 505 S.W.2d 176 (1974), the Kentucky Supreme Court (formerly the Kentucky Court of Appeals), held that a court considering a motion to set aside a default judgment "should be liberal in order that litigants in default may not be deprived of their day in court . . ." *See also Liberty National Bank & Trust v. Kummert*, 305 Ky. 769, Ky., 205 S.W.2d 342 (1947); *Hankins v. Cooper*, Ky. App., 551 S.W.2d 584 (1977). "Default judgments are not looked upon with favor, as it is the policy of the law to have every case decided on its merits." *Dressler v. Barlow*, Ky. App., 729 S.W.2d 464, 465 (1987); *Ryan v. Collins*, Ky., 481 S.W.2d 85 (1972); *Mullins v. Commonwealth*, Ky., 262 S.W.2d 666 (1953). The "courts should generally adopt a liberal attitude on motions to set aside default judgment for good cause shown." *Hankins*, 551 S.W.2d at 586. *See also Strother v. Day*, Ky., 248 S.W.2d 347 (1952) and *Bargo v. Lewis*, Ky., 305 S.W.2d 757 (1975).

As explained in more detail below, Defendants meet the requirements of Kentucky Civil Rules 55.02 and 60.02. First, as a result of insufficient service of process, this Court lacked personal jurisdiction over Defendants when the default judgment was entered. Second, Plaintiff's counsel failed to obtain evidence of the proof of service before filing the Motion for Default Judgment. Finally, Defendants have meritorious defenses to the claims set forth in the Complaint. Accordingly, Defendants' Motion to Set Aside the Default Judgment should be granted in accordance with the liberal standard prescribed by Kentucky's highest courts.

3

1.     The Default Judgment is Void Because the Court Lacked Personal
       Jurisdiction Over Defendant

Based on the documentation in the Record, Plaintiff failed to serve the Complaint and

Summons upon the registered agents for Defendants.  The insufficiency of Plaintiff's attempted

service of process on Defendants is confirmed by the holding in *Foremost Ins. Co. v. Whitaker*,

Ky. App., 892 S.W.2d 607 (1995).   In *Foremost*, the plaintiff addressed service of process

through the Secretary of State and mailed it to the defendant "Foremost Insurance Company."

*Id.* at 608.  In reversing the default judgment entered against the defendant, the Kentucky Court

of Appeals cited the insufficiency of plaintiff's attempted service as the basis for its decision.

The court emphasized the importance of specifically addressing service of process to a foreign

corporation's correctly designated agent as follows:

> The question might arise whether service on a corporation or other defendant
> which is not a natural person, might be had by merely addressing the certified
> envelope containing the process of the court to the home office of the corporation,
> rather than to a person specified in CR 4.04(5) . . . CR 4.04(5) provides that
> 'service shall be made upon a corporation by serving an officer or managing agent
> thereof.' This means that the certified letter should be addressed to the officer or
> managing agent in the manner prescribed by CR 4.01. **If the interpretation were
> permitted that the corporation could be validly served by addressing the
> certified envelope merely in the corporate name to be delivered at the home
> office, there is too much risk that the process would not find its way into the
> hands of a responsible person.**

*Foremost Ins. Co.*, 892 S.W.2d at 610 (quoting Bertelsman & Philipps, *Kentucky Practice*, Civil

Rule 4.04, Vol. 6, p. 34 (4th ed. 1984) (emphasis added by the court).

In the case at bar, the Complaint and Summons were delivered to an incorrect address for

Upstream's agent and never delivered to Intelenet's agent at all.  Under Kentucky law and

*Foremost Ins. Co.*, this Court should rule that the default judgment previously entered was void

for lack of personal jurisdiction and set aside the default judgment.

Because the correct entities and agents for service of process were listed with the Kentucky Secretary of State, Plaintiff's counsel should have served the proper agents.  Under Kentucky law, the failure to serve the correct corporate entity through the correct agent for service of process constitutes good cause sufficient to set aside the default judgment for lack of personal jurisdiction.

2.       Defendants Have a Meritorious Defense to Plaintiff's Claims

Although the Court's lack of personal jurisdiction over Defendants due to the failure of service renders all other issues moot, it should also be noted that Kentucky courts generally consider several additional factors in deciding whether to set aside a *properly* attained default judgment, which would support setting aside this *improperly* attained Default Judgment.  First, courts consider whether the Defendants seeking relief from default have a meritorious defense to Plaintiff's claims.  In this case, Defendants have, and intend to assert, vigorous defenses to all of Plaintiff's claims.  Second, Plaintiff will suffer no inequity or prejudice if the November 5, 2010 Default Judgment is set aside.  Defendants have acted quickly to cure the default.  Thus, any delay is minimal which, in any case, was due to Plaintiff's own failure to serve the proper Defendants.  Finally, unless the Default Judgment is set aside, Defendants will be denied the opportunity to present their claims and defenses in this action, which is why Kentucky courts strongly disfavor default judgments.  See *Educator & Executive Insurers, Inc.*, 505 S.W.2d at 178.

## IV.   **CONCLUSION**

The law dictates that the Default Judgment should be set aside due to Plaintiff's failure to properly serve Defendants.  The failure to properly serve the Defendants was evident in the Record and could have been discovered and corrected, which constitutes sufficient "good cause"

under Rule 60.02.  Accordingly, both the law and equities weigh heavily in favor of granting the

motion to set aside the Default Judgment.

Philip C. Etchels
Benjamin J. Lewis
GREENEBAUM DOLL & McDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Phone:  (502) 587-3665
Fax:  (502) 540-2219

COUNSEL FOR DEFENDANTS,
UPSTREAM II, LLC and INTELENET
GLOBAL PHILIPPINES, INC.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via U.S. mail, postage prepaid, on November _18th_, 2010, upon the following:

Bryan Cassis
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, KY 40202

COUNSEL FOR PLAINTIFF

COUNSEL FOR DEFENDANTS

4157469_1.doc

6

A

NOV-12-2010 11:33 From:Green Co. .ir Clerk        To:_ .25402247          Page:3/3

Generated:   01/20/2010

| AOC-S-105   Sum Code: CI | | Case Number **10-CI-00006** |
| Rev. 7-99 | | Court   **CI** |
| **Commonwealth of Kentucky** | | County   **GREEN** |
| **Court of Justice** | | |
| CR 4.02; Cr Official Form 1 | | |



**Civil Summons**

*Plantiff;* BLOYD, LARRY   VS. UPSTREAM II, LLC,   , ET AL, *Defendant*

UPSTREAM II, LLC,
1515 MARKET ST
16TH FLOOR
PHILADELPHIA               PA     19102

The Commonwealth of Kentucky to the above-named Defendant(s):

You are hereby notified that a legal action has been filed against you in this court demanding relief as shown on the document delivered to you with summons.  Unless a written defense is made by you or by an attorney on your behalf  within twenty (20) days following the day this paper is delivered to you, judgement by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding such relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this summons.

Circuit/District Clerk, JOHN FRANK

By _____ , DC

Date: 01/20/2010

**Proof of Service**

[ ] This Summons was served by delivering a true copy and the Complaint (or other initiating document)

[ ] to:

[ ] Not Served because:

Date:

U.S. Postal Service™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

**OFFICIAL USE**

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

1/20 W

Sent To *Registered Agent, CT Corporation Sys.*
Street, Apt. No. or PO Box No. *4144 Westport Rd.*
City, State, ZIP+4 *Louisville, Ky. 40202*

PS Form 3800, August 2006          See Reverse for Instructions

CI   10-CI-00006
BLOYD, LARRY   VS. UPSTREAM II, LLC,   , ET AL



**B**

NOV-12-2010 11:33 From:Green Co. Cir Clerk            To:_J25402247            Page:2/3

USPS - Track & Confirm                                              Page 1 of 1



UNITED STATES
POSTAL SERVICE.                                          Home | Help



Track & Confirm

### Search Results

Label/Receipt Number: 7009 2820 0002 6502 1116
Status: Delivered

Your item was delivered at 8:43 am on January 29, 2010 in
GREENSBURG, KY 42743. A proof of delivery record may be available
through your local Post Office for a fee.

Additional information for this item is stored in files offline.

( Restore Offline Details > ) (?)   ( Return to USPS.com Home > )

---

Track & Confirm

Enter Label/Receipt Number.

[                                    ]

---

Site Map   Customer Service   Forms   Gov't Services   Careers   Privacy Policy   Terms of Use   Business Customer Gateway

Copyright© 2010 USPS. All Rights Reserved.      No FEAR Act EEO Data     FOIA

C

NO. 10-CI-00006

GREEN CIRCUIT COURT
DIVISION II
JUDGE ALLAN RAY BERTRAM

LARRY BLOYD

PLAINTIFF

v.

**AFFIDAVIT OF LUIS A. URIARTE, JR.**

UPSTREAM II, LLC., ET AL.

DEFENDANTS

\*   \*   \*   \*   \*

I, Luis A. Uriarte, Jr., after being first duly sworn, do depose and state as follows:

1. I am President of Corporate Creations Network, Inc.

2. I am authorized to submit this affidavit on behalf of Corporate Creations Network, Inc. The facts stated herein are within my personal knowledge, were obtained through my review of company records and certain documents filed at this company.

3. In the course of my duties at Corporate Creations Network, Inc., I have reviewed our records for service of summonses and Complaint upon Corporate Creations Network, Inc. issued by the Green Circuit Court and/or Bryan Cassis, Esq. for Intelenet Global Philippines, Inc. from January 20, 2010 through the present. In performing my duties, the records indicated that Corporate Creations Network, Inc. was not in receipt of service of summonses and Complaint issued from Green Circuit and/or Bryan Cassis for Intelenet Global Philippines, Inc. between January 20, 2010 and the present. Corporate Creations Network, Inc. only shows record of receiving a Notice-Motion-Order and Default Judgment in this matter on October 29, 2010.

Further Affiant sayeth naught.

Dated this 17 day of November, 2010.

_____
LUIS URIARTE

STATE OF _Palm Beach_ )
                                                        ) SS:
COUNTY OF _Florida_ )

Subscribed and sworn to before me a notary public, personally appeared the above named

Luis Uriarte, Affiant herein, who acknowledged the foregoing instrument to be his free act and

deed on this 17th day of November, 2010.

My commission expires: ___11/12/2013___

_____
Notary Public

Notary Public State of Florida
Veronica J Paez
My Commission DD939747
Expires 11/12/2013

2

**D**

NO. 10-CI-00006

GREEN CIRCUIT COURT
DIVISION II
JUDGE ALLAN RAY BERTRAM

LARRY BLOYD

PLAINTIFF

v.

**AFFIDAVIT OF JEANNE NELSON**

UPSTREAM II, LLC, ET AL.

DEFENDANTS

*　*　*　*　*

I, Jeanne Nelson, after being first duly sworn, do depose and state as follows:

1.      I am the team leader at CT Corporation System, and I work at the company's Minneapolis office located at 100 South 5th Street Suite 1075 Minneapolis, MN 55402.

2.      I am authorized to submit this affidavit on behalf of CT Corporation System. The facts stated herein are within my personal knowledge, were obtained through my review of certain documents filed at this company, or were obtained through consultation with counsel to the CT Corporation System.

3.      In the course of my duties at CT Corporation System, I was delegated the task of reviewing our records for service of summonses upon the CT Corporation System issued by Green Circuit Court and/or Bryan Cassis, Esq. for Upstream II, LLC from January 20, 2010 to the present. In performing my duties, the records indicated the CT Corporation System was not in receipt of service of summons issued from Green Circuit and/or Bryan Cassis for Upstream II, LLC from January 20, 2010 to present. CT Corporation System only has receipt of receiving a Notice-Motion-Order and Default Judgment on November 3, 2010.

Further Affiant sayeth naught.

Dated this ___ day of November, 2010.

_Jeanne Nelson_

STATE OF __Minnesota__ )
                               ) SS:
COUNTY OF __Hennepin__ )

Subscribed and sworn to before me a notary public, personally appeared the above named

__Jeanne Nelson__, Affiant herein, who acknowledged the foregoing instrument to

be her free act and deed on this __16__ day of November, 2010.

My commission expires: _____

Notary Public

**Tessa Marie Haley**
Notary Public
State of Minnesota
My Commission Expires 1-31-13

4159347_1.doc

2

CIVIL ACTION NO. 10-CI-00006

GREEN CIRCUIT COURT
DIVISION II
HON. JUDGE BERTRAM

LARRY BLOYD

PLAINTIFF

v.                                **AGREED ORDER**

UPSTREAM II, LLC and
INTELENET GLOBAL PHILIPPINES, INC.

DEFENDANTS

By agreement of the parties and the Court being otherwise sufficiently advised;

**IT IS HEREBY ORDERED AND ADJUDGED** that the Default Judgment entered by this Court on November 5, 2010, against Defendants, Upstream II, LLC and Intelenet Global Philippines, Inc. should be, and hereby is, set aside and held for naught; and

**IT IS FURTHER ORDERED** that Defendants Upstream II, LLC and Intelenet Global Philippines, Inc., shall be deemed to have received service of the Summons and Complaint on December 8, 2010 and will have up to and including twenty (20) days thereafter in which to serve their Answer or otherwise respond to Plaintiff's Complaint.

The hearing on the Motion to Set Aside Default Judgment set for December 8, 2010 and the hearing on recoverable damages previously scheduled for January 5, 2011 are hereby remanded from the docket.

Done this _____ day of _____, 2010.

_____
HONORABLE ALLAN RAY BERTRAM
JUDGE, GREEN CIRCUIT COURT

Tendered and Agreed to by:

_Philip C. Echels_

Philip C. Eschels
Benjamin J. Lewis
GREENEBAUM DOLL & McDONALD PLLC
3500 National City Tower
101 South Fifth Street
Louisville, Kentucky 40202-3197
Phone: (502) 587-3665
Fax: (502) 540-2219

COUNSEL FOR DEFENDANTS,
UPSTREAM II, LLC and INTELENET
GLOBAL PHILIPPINES, INC.

_Bryan Cassis (w/ permission, PCE)_

Bryan Cassis
1800 Kentucky Home Life Building
239 S. Fifth Street
Louisville, KY 40202

COUNSEL FOR PLAINTIFF

4174838_1.doc